# Toledo, Wabash and Western Railway Company

## *v.*

## William Apperson.

1. Negligence—*liability of railroad company—for injuries to passengers.* In an action against a railroad company, for injuries received by the plaintiff, from the upsetting of one of defendant's cars, when traveling upon its road, where the proof showed that the track where the accident occurred was in a wretched condition, the rails being badly worn and insecurely fastened, of various lengths, loose at the ends, and with spaces between the joints, which were filled with wooden plugs, and that some of the ties were broken in the middle: *Held,* that this was such gross and wanton negligence on the part of the company as to render it liable for the injury resulting therefrom.

2. Railroad companies—*required to know the condition of their roads.* Railroad companies are bound to keep themselves informed as to the condition of their tracks, and to know whether they are in a fit condition for the safe passage of their trains or not.

Appeal from the Circuit Court of Champaign county; the Hon. A. J. Gallagher, Judge, presiding.

The opinion states the case.

Mr. A. E. Harmon, for the appellant.

Messrs. Coler & Smith, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action brought by the appellee, against the appellant, for injuries received by the former when traveling upon the defendant's line. The car in which the plaintiff was seated ran off the track and was overturned, causing him very serious injury, for which the jury gave him a verdict of $1,000, and the court rendered judgment on the verdict.

The verdict and judgment were unquestionably correct. The evidence shows the railway track, where the rail was broken and the accident occurred, to have been in such wretched condition as to make the company fairly chargeable with gross negligence. A part of the rails were fastened with spikes instead of chairs. Some of them were badly worn, having their ends so loose that they worked up and down with each passing car; some of the ties were broken in the middle, and the rails varied in length from nine to thirteen feet, some of them not meeting at the joints by two or two and a-half inches, the spaces being filled in with wooden plugs, and the rails only partially spiked. This was trifling with the lives of travelers, to an extent that admits of no excuse or palliation, and suggests the question whether a remedy should not be given to the public on the criminal side of the court.

The objections taken to the judgment, viewed in connection with the entire record, relate to matters wholly immaterial. It was, for example, immaterial how far the employee, called

61—49th Ill.

the "section boss," was to be considered the agent of the company, or whether or not he was notified of the condition of the track. It is the duty and business of a railway company to keep itself informed of the condition of its track, and when it invites the public to.travel upon its lines, it must be held to know whether they are in a fit condition for the safe passage of cars or not.

The instructions properly submitted the case to the jury, and the verdict is fully sustained by the evidence.

The judgment must be affirmed.

*Judgment affirmed.*